**F I L E D**
CLERK, U.S. DISTRICT COURT

05/12/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

1  TRACY L. WILKISON
   United States Attorney
2  BENJAMIN R. BARRON
   Assistant United States Attorney
3  Chief, Santa Ana Branch Office
   BENJAMIN D. LICHTMAN (Cal. Bar No. 241135)
4  Assistant United States Attorney
        United States Courthouse
5       411 West 4th Street, Suite 8000
        Santa Ana, California 927012
6       Telephone: (714) 338-3530
        Facsimile: (714) 338-3561
7       E-mail:    benjamin.lichtman@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

9
                   UNITED STATES DISTRICT COURT
10
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
   UNITED STATES OF AMERICA,          No. 5:22-cr-00123-RGK
12
             Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
13                                     AMAN KHAN
                  v.
14
   AMAN KHAN, aka "Amanullah Khan,"
15
             Defendant.
16

17

        1.   This constitutes the plea agreement between AMAN KHAN, aka

Amanullah Khan ("defendant") and the United States Attorney's Office

for the Central District of California (the "USAO") in the above-

captioned case.  This agreement is limited to the USAO and cannot

bind any other federal, state, local, or foreign prosecuting,

enforcement, administrative, or regulatory authorities.

                      DEFENDANT'S OBLIGATIONS

        2.   Defendant agrees to:

        a.   Give up the right to indictment by a grand jury and,

at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to both counts of an information

charging defendant with two counts of Fraud Involving Aircraft Parts in Interstate and Foreign Commerce, in violation of 18 U.S.C. § 38(a)(1)(C).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of guilty pleas, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at

2

usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

   j. Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

   k. Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

  3. Defendant further agrees:

   a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following: equipment, components, supplies and raw materials used to manufacture aircraft parts (collectively, the "Forfeitable Assets").

   b. To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

   c. To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

3

d.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.   To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to

4

and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of the crime charged in counts one and two of the information, that is, Fraud Involving Aircraft Parts in Interstate and Foreign Commerce, in violation of 18 U.S.C. § 38(a)(1)(C), the following must be true: (1) defendant made, used, or caused to be made or used a materially false writing, entry, certification, document or record concerning an aircraft part; (2) defendant acted knowingly and with the intent to defraud; and (3) defendant's conduct in some way affected commerce between one state and another state, or between a state or the United States and a foreign country.

## PENALTIES AND RESTITUTION

6.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 38(a)(1)(C), is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 20 years' imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

8.    Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty.  The parties currently believe that the applicable amount of restitution is approximately $1,529,978.20, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

9.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant

understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

11.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

<u>FACTUAL BASIS</u>

12.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the

1  underlying criminal conduct or all facts known to either party that
2  relate to that conduct.

3      At all times relevant to this agreement, defendant provided
4  machining, assembly, and production of military and commercial
5  aircraft parts.  Defendant was located in Riverside, California,
6  within the Central District of California.

7      Between approximately July 2016 and April 20, 2022, defendant
8  owned and operated California Aircraft and Avionics Corporation
9  ("CAAC").  During that time period, through CAAC, defendant knowingly
10 and with the intent to defraud manufactured and sold fraudulent,
11 counterfeit, and unapproved aircraft parts to private companies and
12 government agencies, and defendant created and used falsified
13 documents in order to mislead customers as to the origin and status
14 of those parts.  By selling fraudulent and unapproved parts to
15 companies in the aircraft industry, defendant caused the risk that
16 his parts would be installed on commercial and military aircraft
17 instead of genuine aircraft parts.  In so doing, defendant
18 consciously and recklessly caused a risk of death or serious bodily
19 injury to aircraft passengers and to the general public.

20     In April 2021, the North Atlantic Treaty Organization ("NATO")
21 issued a purchase order for several aircraft parts to a Canada-based
22 procurement company called Canamidex.  After receiving the parts,
23 NATO reached out to several original equipment manufacturers ("OEMs")
24 identified on the accompanying documents, and at least six of those
25 OEMs informed NATO that the documents were fraudulent.  Canamidex had
26 purchased the parts in question from defendant's company CAAC.

27     On or about September 29, 2021, in connection with the NATO
28 order above, defendant knowingly and with intent to defraud, in and

1  affecting interstate commerce, made, used and caused to be made and
2  used a materially false document concerning an aircraft part, namely
3  a falsified Federal Aviation Administration ("FAA") Form 8130-3[1] that
4  defendant sent to Canamidex (the "Form").  The Form falsely stated
5  that it was issued by Meggitt North Hollywood Inc., 12838 Saticoy
6  Street, North Hollywood, CA 91605 ("MNH"), and it falsely certified
7  that the accompanying shipment of aircraft parts with part number
8  9542482 was manufactured in conformity to FAA-approved design data.
9  The Form also falsely stated that it was signed by "Jesse K. Russo"
10 on September 29, 2021.  In fact, there was no employee named Jesse K.
11 Russo at MNH's facility.  Additionally, MNH only manufactures engine
12 parts, and the part shown on the Form was not an engine part or a
13 part manufactured by MNH.  Moreover, the Form was not issued by MNH
14 or any Meggitt company.

15      In the same transaction with Canamidex described above, on or
16 about September 29, 2021, defendant knowingly and with intent to
17 defraud, in and affecting interstate commerce, made, used and caused
18 to be made and used a materially false document concerning an
19 aircraft part, namely a falsified Meggitt Certificate of Conformance[2]
20 that defendant sent to Canamidex (the "COC").  The COC falsely stated
21 that it was issued by Meggitt Aircraft Braking Systems Corporation
22 ("MABS"), and that it was signed by "John Randell" on September 29,
23 2021.  In fact, the COC was not issued by MABS or any other Meggitt

24
25      [1] An FAA Form 8130-3, also referred to as an "Airworthiness
   Approval Tag" or a "Federal Aviation Administration Authorized
26 Release Certificate," is traceability documentation that is relied
   on to determine the airworthiness of aircraft parts.  The form can only
27 be certified by an individual authorized by the FAA.

28      [2] A Certificate of Conformance is a document that serves as an
   assurance that the part was produced and inspected by a manufacturer
   using the applicable instructions and specifications for that part.

company, and no individual by the name of "John Randell" worked for MABS or any other Meggitt company.

Based on defendant's conduct described above involving materially false documents, as well as defendant's multiple shipments of fraudulent, counterfeit, and unapproved aircraft parts, defendant caused approximately $1,277,713.30 in loss to Canamidex, and approximately $252,265.20 in loss to other companies and agencies in the following amounts:

| | |
|---|---|
| AvAir LLC | $166,254 |
| NASA | $6,011.2 |
| Ocean Air | $80,000 |

SENTENCING FACTORS

13.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

14.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:                6      [U.S.S.G. § 2B1.1(a)(2)]

| | | |
|---|---|---|
| Loss > $1.5 million | +16 | [U.S.S.G. § 2B1.1(b)(1)(I)] |
| Conscious or reckless risk of death or serious bodily injury | +2 | [U.S.S.G. §2B1.1(b)(16)(A)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

15.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

11

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

19.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within or below the range corresponding to an offense level of 21 and the criminal

12

1    history category calculated by the Court, defendant gives up the
2    right to appeal all of the following: (a) the procedures and
3    calculations used to determine and impose any portion of the
4    sentence; (b) the term of imprisonment imposed by the Court; (c) the
5    fine imposed by the Court, provided it is within the statutory
6    maximum; (d) to the extent permitted by law, the constitutionality or
7    legality of defendant's sentence, provided it is within the statutory
8    maximum; (e) the amount and terms of any restitution order, provided
9    it requires payment of no more than $1,529,978.20; (f) the term of
10   probation or supervised release imposed by the Court, provided it is
11   within the statutory maximum; and (g) any of the following conditions
12   of probation or supervised release imposed by the Court: the
13   conditions set forth in Second Amended General Order 20-04 of this
14   Court; the drug testing conditions mandated by 18 U.S.C.
15   §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions
16   authorized by 18 U.S.C. § 3563(b)(7).

17        20.  The USAO agrees that, provided (a) all portions of the
18   sentence are at or below the statutory maximum specified above, the
19   USAO gives up its right to appeal any portion of the sentence, with
20   the exception that the USAO reserves the right to appeal the
21   following: (a) the amount of restitution ordered if that amount is
22   less than $1,529,978.20.

23                  <u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

24        21.  Defendant agrees that if, after entering a guilty plea
25   pursuant to this agreement, defendant seeks to withdraw and succeeds
26   in withdrawing defendant's guilty plea on any basis other than a
27   claim and finding that entry into this plea agreement was

28

                                    13

1  involuntary, then the USAO will be relieved of all of its obligations
2  under this agreement.

3                     EFFECTIVE DATE OF AGREEMENT

4       22.  This agreement is effective upon signature and execution of
5  all required certifications by defendant, defendant's counsel, and an
6  Assistant United States Attorney.

7                        BREACH OF AGREEMENT

8       23.  Defendant agrees that if defendant, at any time after the
9  signature of this agreement and execution of all required
10  certifications by defendant, defendant's counsel, and an Assistant
11  United States Attorney, knowingly violates or fails to perform any of
12  defendant's obligations under this agreement ("a breach"), the USAO
13  may declare this agreement breached.  All of defendant's obligations
14  are material, a single breach of this agreement is sufficient for the
15  USAO to declare a breach, and defendant shall not be deemed to have
16  cured a breach without the express agreement of the USAO in writing.
17  If the USAO declares this agreement breached, and the Court finds
18  such a breach to have occurred, then: (a) if defendant has previously
19  entered guilty pleas pursuant to this agreement, defendant will not
20  be able to withdraw the guilty pleas, and (b) the USAO will be
21  relieved of all its obligations under this agreement.

22       COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
23                      OFFICE NOT PARTIES

24       24.  Defendant understands that the Court and the United States
25  Probation and Pretrial Services Office are not parties to this
26  agreement and need not accept any of the USAO's sentencing
27  recommendations or the parties' agreements to facts or sentencing
28  factors.

                                  14

25.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

1                        NO ADDITIONAL AGREEMENTS

2        27.  Defendant understands that, except as set forth herein,

3   there are no promises, understandings, or agreements between the USAO

4   and defendant or defendant's attorney, and that no additional

5   promise, understanding, or agreement may be entered into unless in a

6   writing signed by all parties or on the record in court.

7        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

8        28.  The parties agree that this agreement will be considered

9   part of the record of defendant's guilty plea hearing as if the

10  entire agreement had been read into the record of the proceeding.

11  AGREED AND ACCEPTED

12  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
13  CALIFORNIA

14  TRACY L. WILKISON
    United States Attorney

15

16  *Benjamin Lichtman*                        5/5/22
    BENJAMIN D. LICHTMAN                        Date
17  Assistant United States Attorney

18  *Aman Khan*                                 5-4-22
    AMAN KHAN                                   Date
19  Defendant

20  *Young Kim*                                 5/4/22
    YOUNG KIM                                   Date
21  Deputy Federal Public Defender
    Attorney for Defendant AMAN KHAN
22

23

24

25

26

27

28

                              16

1
CERTIFICATION OF DEFENDANT

2      I have read this agreement in its entirety.  I have had enough
3 time to review and consider this agreement, and I have carefully and
4 thoroughly discussed every part of it with my attorney.  I understand
5 the terms of this agreement, and I voluntarily agree to those terms.
6 I have discussed the evidence with my attorney, and my attorney has
7 advised me of my rights, of possible pretrial motions that might be
8 filed, of possible defenses that might be asserted either prior to or
9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
10 of relevant Sentencing Guidelines provisions, and of the consequences
11 of entering into this agreement.  No promises, inducements, or
12 representations of any kind have been made to me other than those
13 contained in this agreement.  No one has threatened or forced me in
14 any way to enter into this agreement.  I am satisfied with the
15 representation of my attorney in this matter, and I am pleading
16 guilty because I am guilty of the charges and wish to take advantage
17 of the promises set forth in this agreement, and not for any other
18 reason.

19
20 _____          5-4-22
   AMAN KHAN                                  Date
21 Defendant

22

23

24

25

26

27

28

17

1                 <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2       I am AMAN KHAN's attorney.  I have carefully and thoroughly

3 discussed every part of this agreement with my client.  Further, I

4 have fully advised my client of his rights, of possible pretrial

5 motions that might be filed, of possible defenses that might be

6 asserted either prior to or at trial, of the sentencing factors set

7 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the factual basis set

14 forth in this agreement is sufficient to support my client's entry of

15 guilty pleas pursuant to this agreement.

16

17 _____         5/4/22
   YOUNG KIM                         Date

18 Deputy Federal Public Defender
   Attorney for Defendant AMAN KHAN

19

20

21

22

23

24

25

26

27

28