CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
YOUNG J. KIM (Bar No. 264195)
Deputy Federal Public Defender
(E-Mail: Young_Kim@fd.org)
3801 University Avenue, Suite 700
Riverside, California 92501
Telephone: (951) 276-6346
Facsimile: (951) 276-6368

Attorneys for Defendant
AMAN KHAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>      v.<br><br>AMAN KHAN,<br><br>              Defendant. | Case No. ED CR 22-00123-RGK<br><br>**AMAN KHAN'S SENTENCING MEMORANDUM**<br><br>**September 26, 2022, at 10:00 a.m.** |

## I. INTRODUCTION

On June 6, 2022, Mr. Khan pled guilty to two counts of fraud involving aircraft parts in interstate and foreign commerce, in violation of 18 U.S.C. § 38, (2)(b). Mr. Khan entered his plea pursuant to a plea agreement ("Plea Agreement") in which the parties agreed to an offense level under the United States Sentencing Guidelines (the "Guidelines") of 21 after acceptance of responsibility. Further, the parties reserved the right to argue that specific offense characteristics, adjustments, and departures under the Guidelines may apply as appropriate.

In its Presentence Investigation Report ("PSR"), the United States Probation Office (the "Probation Office") places Mr. Khan in Criminal History Category ("CHC") III with 5 criminal history points and determined that the offense level is 21 under the Guidelines. PSR, ¶¶ 38, 49. An offense level of 21 and a CHC of III results in a recommended Guidelines range of 46 to 57 months in custody.

Mr. Khan has no objections to the calculation of his offense level but objects to the CHC in the PSR. Mr. Khan asserts that the correct CHC is II and the resulting Guidelines range is 41 to 51 months of custody. Based on the reasons below, Mr. Khan respectfully requests that this Court impose a sentence of 36 months of custody to be followed by three years of supervised release.

## II. OBJECTIONS TO THE PSR

The PSR adds two criminal history points for having committed the instant offense "while under a criminal justice sentence including supervised release in Docket Nos. SA CR04-00152 and SA CR02-00080(B)." PSR, ¶ 48. The supervised release terms for Docket Nos. SA CR04-00152 and SA CR02-00080(B) ran concurrent from May 4, 2016, to May 3, 2019. PSR, ¶ 46. The first instance of fraud involving Mr. Khan's company, California Aircraft and Avionics Corporation, occurred in April of 2021, which is after supervision had terminated. PSR, ¶ 16. There is no evidence that Mr. Khan committed fraud while under supervised release, therefore, the correct CHC is II with three criminal history points.

## III. SENTENCING CONSIDERATIONS UNDER 18 U.S.C. § 3553(A)

### A.    The Overarching Principle

The very first sentence of 18 U.S.C. § 3553(a) establishes the following requirement: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of sentencing] set forth in subparagraph (2) of this subsection." The Supreme Court has described this as the "overarching provision" in § 3553(a). *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). This statement

2

by the Supreme Court makes clear that this "parsimony principle" is not mere precatory language but is the key requirement that a sentence must satisfy.

Factors which § 3553(a) directs a district court to consider in addition to the guidelines are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing; (3) the kinds of sentences available; and (4) the need to avoid unwarranted sentence disparities.

**B.    The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

### 1.    Mr. Khan is in very poor health

Mr. Khan was born in 1949, in Karachi, Pakistan to his father, Abdul Rehnan Khan and his mother, Hafiza Begum Khan. He is now 73 years old. For the past 35 years, Mr. Khan has been managing his diabetes. He also suffers from high cholesterol, hypertension and thyroid problems. Mr. Khan has a history of heart attacks and diabetes in his family. His mother died of a heart attack at only 58 years old and Mr. Khan worries that he will meet the same fate. Mr. Khan is currently taking 10 prescription medications while in custody.

### 2.    Mr. Khan took extraordinary acceptance of responsibility

Mr. Khan was arrested in this case on April 20, 2022. The government produced discovery on April 28, 2022. On May 3, 2022, the government extended a plea offer with a very short deadline. Mr. Khan agreed to accept responsibility for his crimes and signed the plea agreement on May 4, 2022, which is *14 days after his arrest*. By any measure, Mr. Khan took extraordinary acceptance of responsibility in this case. By accepting responsibility so early, Mr. Khan conserved government resources and the Court's time. *United States v. Brown*, 985 F.2d 478, 483 (9th Cir. 1993) ("[t]he mere existence of section 3E1.1(a) does not preclude the sentencing court from making an additional departure in the case where the defendant manifests an extraordinary acceptance of responsibility").

/ / /

1
2

## C.     Just Punishment, Deterrence, Public Protection, and Respect for the Law

3     The considerations of just punishment, deterrence, public protection, and respect
4 for the law will be advanced by Mr. Khan's proposed sentence. Removing Mr. Khan
5 from society for 3 years will likely afford protection to the public for the rest of Mr.
6 Khan's life because sexagenarians, relative to other age groups, tend not to commit
7 crimes. Robert J. Sampson, *Life Course Desisters? Trajectories of Crime Among*
8 *Delinquent Boys Followed to Age 70*, Criminology, Vol. 41, 3: 555-592 (2003.) In fact,
9 a 2017 report by the United States Sentencing Commission found that "[o]lder
10 offenders were substantially less likely than younger offenders to recidivate following
11 release." United States Sentencing Commission, The Effects of Aging on Recidivism
12 Among Federal Offenders (2017). Moreover, the lower rates of recidivism by
13 sexagenarians applied across numerous axes, including type of crime, criminal history
14 category, length of sentence, and base offense level. *Ibid*.

15     Regarding deterrence, while it has been demonstrated that the certainty of getting
16 caught can produce a deterrent effect, "increases in severity of punishments do not
17 yield significant (if any) marginal deterrent effects." Michael Tonry, *Purposes and*
18 *Functions of Sentencing*, 34 Crime & Justice 1, 28-29 (2006); see also Zvi D. Gabbay,
19 *Exploring the Limits of the Restorative Justice Paradigm: Restorative Justice and*
20 *White Collar Crime*, 8 Cardozo J. Conflict Resol. 421, 447 (2007) ("[C]ertainty of
21 punishment is empirically known to be a far better deterrent than its severity.").
22 Generally, few criminals are aware of the specific penalties for crimes and fewer still
23 believe they will be apprehended and convicted. *See* Tonry, *Purposes and Functions of*
24 *Sentencing*, *supra*, at 28-29. In other words, the idea that longer sentences produce
25 greater amounts of deterrence is simply not supported by evidence. M.J.G Bun *et al.*,
26 *Crime, Deterrence and Punishment Revisited*, Empirical Economics 59, 2302-2333
27 (2020).

28

1

## IV. CONCLUSION

2       For the reasons given above, Mr. Khan requests that the Court sentence him to

3 36 months of custody.

4                              Respectfully submitted,

5                              CUAUHTEMOC ORTEGA
                             Federal Public Defender

6

7 DATED: September 12, 2022     By  */s/ Young J. Kim*

8                              YOUNG J. KIM
                             Deputy Federal Public Defender

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

I declare that I am a resident or employed in Riverside, County, California; that my business address is the Office of the Federal Public Defender, 3801 University Avenue, Suite 700, Riverside, California 92501; that I am over the age of eighteen years; that I am not a party to the action entitled above; that I am employed by the Federal Public Defender for the Central District of California, who is a member of the Bar of the State of California, and at whose direction I served a copy of the attached **AMAN KHAN'S SENTENCING MEMORANDUM** on the following individual(s) by:

| [ ] Placing same in a sealed envelope for collection and interoffice delivery addressed as follows: | [ ] Placing same in an envelope for hand delivery addressed as follows: | [ ] Placing same in a sealed envelope for collection and mailing via the United States Post Office addressed as follows: | [X] Via Emailing same addressed as follows: |
|---|---|---|---|

**LESLIE CREWS**
**United States Probation Officer**
**Leslie_crews@cacp.uscourts.gov**

This proof of service is executed at Riverside, California, on **September 12, 2022**.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*s/ Isabel Rivera*

**ISABEL RIVERA**