STEPHANIE S. CHRISTENSEN
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
BENJAMIN D. LICHTMAN (Cal. Bar No. 241135)
Assistant United States Attorney
     United States Courthouse
     411 West 4th Street, Suite 8000
     Santa Ana, California 927012
     Telephone: (714) 338-3530
     Facsimile: (714) 338-3561
     E-mail:    benjamin.lichtman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 22-00123-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT AMAN KHAN |
| v. | |
| AMAN KHAN, | Hearing Date: September 26, 2022 |
| Defendant. | Hearing Time: 10:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Benjamin D. Lichtman, hereby files its Sentencing Position for defendant AMAN KHAN.

//

//

The government's Sentencing Position is based upon the attached Memorandum of Points and Authorities, the Presentence Investigation Report, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 12, 2022         Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

      /s/ *Benjamin D. Lichtman*
BENJAMIN D. LICHTMAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant AMAN KHAN ("defendant") awaits sentencing after pleading guilty to counts One and Two of the information in <u>United States v. Khan</u>, ED CR No. 22-00123-RGK, which charge defendant with Fraud Involving Aircraft Parts in Interstate and Foreign Commerce, in violation of 18 U.S.C. § 38(a)(1)(C).

The government recommends that the Court sentence defendant to 41 months of imprisonment and a special assessment of $200.

**II.   THE PRESENTENCE REPORT ("PSR")**

On July 18, 2022, the United States Probation Office ("USPO") disclosed the Presentence Report in this matter.  The PSR calculated the total applicable offense level as 21 and found that defendant is in Criminal History Category III.  (PSR ¶ 93.)

While the government has no objection to the PSR's calculation of defendant's offense level, the government does object to the PSR's calculation of defendant's criminal history category.  USPO added two criminal history points, finding that "Defendant committed the instant offense while under a criminal justice sentence including supervised release" in previous federal cases.  (PSR ¶ 48.)  The PSR notes that the term of supervised release in those cases concluded on May 3, 2019.  (PSR ¶ 46.)  The offenses to which defendant pleaded guilty in this case occurred in September 2021.  Because the government does not possess evidence that defendant committed fraud while he was on supervised release, the government objects to the addition of two criminal history points.  Without those two additional points, defendant has a criminal history score of three (PSR ¶ 47), which places defendant in criminal history category II.

In the plea agreement, the parties stipulated to the following sentencing factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | USSG § 2B1.1(a)(2) |
| Loss > $1.5 million: | +16 | USSG § 2B1.1(b)(1)(I) |
| Conscious or reckless risk of death or serious bodily injury: | +2 | USSG § 2B1.1(b)(16)(A) |

With a stipulated adjusted offense level of 24 and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1,[1] the government's calculation is the same as that of the USPO: a total offense level of 21.  However, in light of the government's objection relating to defendant's criminal history, the government believes the applicable Guidelines range is 41-51 months in Criminal History Category II.

**III. THE GOVERNMENT'S SENTENCING RECOMMENDATION**

The government respectfully recommends that the Court impose a sentence of 41 months, three years of supervised release, and a special assessment of $200.[2]

The government's recommended sentence is sufficient, but not greater than necessary, to address the instant offense, taking into account all the factors the Court must consider under 18 U.S.C. § 3553(a).  Defendant manufactured and sold fraudulent, counterfeit,

---

[1] At this time, the government moves for a three-level reduction pursuant to U.S.S.G. § 3E1.1 for defendant's acceptance of responsibility.

[2] The government defers to the PSR's conclusion that defendant does not have the ability to pay a fine in addition to restitution. (PSR ¶ 89.)

1 and unapproved aircraft parts to private companies and government
2 agencies, causing losses to customers of approximately $1.5 million.
3 (PSR ¶¶ 14, 19.)  In mitigation, defendant accepted responsibility
4 shortly after his arrest and pleaded guilty in a pre-indictment
5 resolution.  The Court can take into account various challenging
6 aspects of defendant's life in childhood and early adulthood, as well
7 as his age.  (PSR ¶¶ 57-58, 59.)

    A 41-month sentence would be sufficient, but not greater than necessary, to address the instant offenses taking into account all of the factors.

## IV.   RESTITUTION

    In the plea agreement, the parties estimated the applicable amount of restitution as approximately $1,529,978, based on losses to four victims.  (Plea Agreement, ¶¶ 8, 12.)  The government has since received a restitution request from an additional victim and passed that information to the defense.  The government anticipates that, prior to sentencing, the parties will arrive a stipulation regarding the total amount of restitution to be ordered in this case.

## V.   CONCLUSION

    For the foregoing reasons, the government respectfully requests that the Court impose a sentence of 41 months' imprisonment, three years of supervised release, a $200 special assessment, and restitution in an amount to be determined.